(142 P.3d 749)
No. 95,538

ROBERT B. SPARKS, *Plaintiff/Appellee*, v. CBIZ ACCOUNTING, TAX & ADVISORY OF KANSAS CITY, INC., and KEVIN L. WINTERS, *Defendants/Appellants*, v. JOHN W. KARR, *Third Party Defendant/Appellee*.

Opinion filed September 22, 2006.

*Tim J. Moore*, of Morris, Laing, Evans, Brock & Kennedy, of Wichita, and *Frances Floriano Goins*, of Ulmer & Berne LLP, of Cleveland, Ohio, for appellants.

*David L. Marcus*, of Bartle & Marcus, LLC, of Kansas City, Missouri, for appellee Robert B. Sparks.

Before RULON, C.J., MCANANY, J., and KNUDSON, S.J.

KNUDSON, J.: Robert B. Sparks, a former minority shareholder of Alexico Corporation (Alexico), alleges CBIZ Accounting, Tax & Advisory of Kansas City, Inc., and its director, Kevin Winters, (collectively referred to as CBIZ), committed malpractice while handling Alexico's accounts. Sparks filed a derivative action pursuant to K.S.A. 60-223a. CBIZ filed a motion for partial summary judgment, alleging Sparks lacked standing to pursue his derivative claim because he was not a stockholder when the lawsuit was commenced. Sparks filed a motion to pursue his case as a direct action under the close corporation exception recognized and applied in *Richards v. Bryan*, 19 Kan. App. 2d 950, 965, 879 P.2d 638 (1994).

The district court granted Sparks' motion, denied CBIZ's motion for summary judgment, and authorized an interlocutory appeal by CBIZ. See K.S.A. 60-2102(c).

CBIZ contends: (1) the close corporation exception recognized in *Richards* applies only when an existing minority shareholder files suit against a majority shareholder for breach of a fiduciary duty, and (2) the plaintiff did not directly engage CBIZ to perform professional accounting services and K.S.A. 1-402 precludes liability. For those reasons, CBIZ insists the district court erred in denying the defendants' motion for summary judgment and granting Sparks' motion to maintain a direct action against them.

We reverse and remand with directions that summary judgment be entered in favor of the defendants. Sparks admits his claim of professional negligence against CBIZ is derivative; that is, his injury, if any, is mediated through Alexico; therefore, Sparks is precluded from bringing an individual damage claim for the defendants' breach of duty owed to the corporation. See *Richards,* 19 Kan. App. 2d 950, Syl. ¶¶ 7, 8. It is uncontroverted Sparks is prevented from pursuing a derivative claim under K.S.A. 60-223a because he was not a shareholder when the suit was filed and his petition did not make the averments that are specifically required in the petition. Consequently, Sparks moved to maintain a direct action against CBIZ under the close corporation exception recognized in *Richards*. Unfortunately for Sparks, the close corporation exception only applies when an oppressed minority shareholder brings suit against majority directors, officers, or directors for breach of a fiduciary duty. See 19 Kan. App. 2d 950, Syl. ¶ 10. It is a mischievous suggestion that the exception should be extended to permit litigation by a minority shareholder against a third-party not owing a contractual duty to the shareholder. Such an exception would disregard the distinct nature of a corporation as a legal entity and allow an individual shareholder damages that rightfully belong to the corporation.

We have carefully considered all of Sparks' arguments and the published and unpublished cases he presents to support those arguments and are not persuaded the close corporation exception should be extended in Kansas to permit litigation against a third

party for professional negligence in the performance of a duty owed to the corporation.

Our conclusion makes unnecessary consideration of CBIZ's concern that, in any event, Sparks cannot maintain a direct action under the close corporation exception because he was not a shareholder and, thus, has no standing to pursue the action. Although we find this contention to be persuasive, we recognize the issue is not easily resolved if Sparks was forced out as a shareholder. Rather than wade into that thicket, we deem the issue moot because regardless of its resolution Sparks cannot prevail.

There is in our view a second compelling reason why Sparks cannot proceed against CBIZ. Even if we are in error and the close corporation exception were held to be applicable to litigation against a third party, K.S.A. 1-402 provides:

"No person, proprietorship, partnership or registered firm authorized to practice as a certified public accountant . . . , or any employee, agent, partner, officer, shareholder or member thereof, shall be liable to any person or entity for civil damages resulting from acts, omissions, decisions or other conduct amounting to negligence in the rendition of professional accounting services unless:

(a) The plaintiff *directly engaged* such person, proprietorship or registered firm to perform the professional accounting services; or

(b) (1) the defendant knew at the time of the engagement or the defendant and the client mutually agreed after the time of the engagement that the professional accounting services rendered the client would be made available to the plaintiff, who was identified in writing to the defendant; and (2) the defendant knew that the plaintiff intended to rely upon the professional accounting services rendered the client in connection with specified transactions described in writing." (Emphasis added.)

Sparks makes no claim that subsection (b) of the statute is applicable. That leaves us with the unambiguous and clear language of subsection (a) and Sparks' acknowledgment there was no direct engagement and his damages, if any, are mitigated through the corporation.

To avoid application of K.S.A. 1-402, Sparks suggests that if CBIZ had a direct duty to a shareholder, "there would be no need for a derivative lawsuit *and* no need for the close corporation exception." This is circuitous reasoning that does not provide a legal rationale for avoidance of the clear and unambiguous prohibition

against a shareholder maintaining a direct cause of action against CBIZ for breach of a professional duty owed to the corporation. Sparks did not directly engage CBIZ, Alexico did.

Accordingly, the judgment of the district is reversed, and the case remanded with directions to enter judgment in favor of the defendants.

Reversed and remanded with directions.